## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JUAN RAFAEL AROCHO SANTOS and YAHAIRA M. ORTIZ RIVERA,** by themselves and in representation of their conjugal partnership<br><br>    Plaintiffs<br><br>        v.<br><br>**BRISTOL-MYERS SQUIBB PUERTO RICO, INC., BRISTOL-MYERS SQUIBB MANUFACTURING COMPANY UNLIMITED COMPANY, MENGANO DE TAL, ASEGURADORA ABC**<br><br>    Defendants | **CIVIL NO**. 3:23-cv-1454<br><br><br>**RE**:    Employment discrimination, unjust dismissal, damages. |

### NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

   **COME NOW** Bristol-Myers Squibb Puerto Rico, Inc. and Bristol-Myers Squibb Manufacturing Company Unlimited Company (collectively, "BMS" or the "Company"), through its undersigned counsel, and hereby give notice of removal of this action from the Puerto Rico Court of First Instance, Arecibo Superior Part, where it is pending, to the United States District Court for the District of Puerto Rico.  In support of this Notice of Removal, BMS states as follows:

### INTRODUCTION

   1.    This Court has original jurisdiction under two separate statutory bases. First, it is a civil action in which the amount in controversy exceeds seventy-five thousand dollars ($75,000.00),[1] exclusive of interest and costs, and is between "citizens of different States." 28

---

[1] According to the Amended Complaint, Plaintiff claims emotional damages, economic damages, and the unjust dismissal indemnification, for a total of over three-hundred and sixty-five thousand dollars ($365,000.00).

U.S.C. § 1332(a). Second, the Complaint includes causes of action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331. Therefore, this case may be removed pursuant to 28 U.S.C. §1441(a) and, as set forth below, is timely and properly removed by the filing of this Notice.

## PROCEDURAL BACKGROUND

1.      On June 23, 2023, Plaintiff Juan Rafael Arocho Santos ("Arocho") and his conjugal partnership filed a civil action before the Puerto Rico Court of First Instance, Arecibo Superior Part, Civil Number AR2023CV01193, entitled Juan Rafael Arocho Santos et al. v. Bristol-Myers Squibb Puerto Rico, Inc., et al. claiming unjust dismissal and damages for civil rights violations and discrimination. BMS was not served with the original complaint.  Subsequently, on August 7, 2023, Plaintiff filed an Amended Complaint adding Yahaira M. Ortiz Rivera ("Ortiz") as a new plaintiff, and also in representation of the conjugal partnership composed by them (collectively, "Plaintiffs"). See **Exhibit A**. The Amended Complaint also reorganized several sections of the Complaint and eliminated a reference to the Religious Freedom Restoration Act of 1993, among other superficial changes. However, the applicable law section remained mostly unaffected and, notably, the causes of action and amounts in controversy remained unchanged.

2.      Despite the superficial changes, the Complaint still contains ample discussion and multiple references to federal statutes, regulations, and case law. For example, under the applicable law section, the Complaint discusses at length the Food and Drug Administration's (FDA) statute and regulations, but also Title VII of the Civil Rights Act of 1964, and federal case law addressing religious freedoms and right to refuse medical treatment. All-in-all, the Complaint levies two causes of action: (1) violation of civil rights and discriminatory acts under Puerto Rico's Act 100 , and (2) unjustified dismissal under Act 80. More importantly, between economic and emotional

2

damages, Plaintiffs claim three-hundred and forty-five thousand dollars ($345,000.00), while they claim twenty-two thousand five hundred and nine dollars ($22,509.00) for unjustified dismissal. See **Exhibit A**.

3.    BMS waived service of process of the Amended Complaint on August 25, 2023.

**DISCUSSION**

BMS maintains that there are two separate bases under which this Honorable Court may exercise jurisdiction: diversity of citizenship and federal question. Moreover, removal is timely since, under 28 U.S.C. §1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. See 28 U.S.C. §1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). In this case, BMS waived service of process and were, thus, served with the Amended Complaint on August 25, 2023. See **Exhibit B** (waiving service of process) and **Exhibit A** (Amended Complaint).

**A.  Removal is Appropriate because Jurisdiction based on Diversity of Citizenship Exists.**

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, (1989). Domicile is "the place where [one] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted). See also Hearts With Haiti, Inc. v. Kendrick, 856 F.3d 1, 2 (1st Cir. 2017). In the Amended Complaint, Plaintiffs allege that they reside in Ciales, Puerto Rico. See Complaint at ¶II.1. Accordingly, based on their allegations, they are residents and, for purposes of diversity jurisdiction, citizens of Puerto Rico.

In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. §1332(c)(1). A corporation's principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which is typically a corporation's headquarters." Hertz Corp. v. Friend, 559 U.S. 77, 78 (2010). A corporation's "nerve center" or "principal place of business" is a single place, regardless of how many places the corporation conducts business in. Id.

Bristol-Myers Squibb Puerto Rico, Inc. is incorporated in the State of Delaware, while Bristol-Myers Squibb Manufacturing Company Unlimited Company is incorporated in the country of Ireland. See **Exhibit C**, Screenshots from Puerto Rico's State Department Corporations Site, https://rceweb.f1hst.com/en/search/, last accessed September 5, 2023.[2]  Accordingly, Defendants' places of citizenship are Delaware and Ireland, not Puerto Rico. See 28 USC §1332(c)(1). Moreover, BMS is headquartered in New Jersey and New York and, therefore, Defendants' principal places of business are in those cities. See **Exhibit C** at 9-20, https://www.bms.com/about-us/our-company/worldwide-facilities.html, last accessed September 5, 2023. Consequently, Plaintiffs and Defendants are citizens of different states.

When the monetary demand by the plaintiff is stated in the complaint, the defendant can rely upon that assertion to meet the monetary jurisdictional requirement.  Accordingly, and notwithstanding BMS's defenses, it can remove based upon the dollar amount demanded in the original Complaint and the Amended Complaint. See St. Paul Mercury Indem. Co. v. Red Cab

---

[2] BMS requests that this Honorable Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. See Fed. R. Evid. 201.

Co., 303 U.S. 283, 292 (1938). Here, Plaintiffs' claims rise to over $365,000. See **Exhibit A**, Amended Complaint at 20. Based upon the pleadings, it is clear that the Amended Complaint satisfies the amount in controversy minimum. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Accordingly, the jurisdictional amount requirement is also fulfilled.

Based on the foregoing, Defendants are entitled to remove the cause of action filed before the Puerto Rico Court of First Instance, Arecibo Superior Part, to the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. §§1332, 1367, 1441, 1446.

**B.  Removal is also Appropriate because Federal Question Jurisdiction Exists.**

Section 1331 vests original jurisdiction upon the federal district courts in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006). "A case 'aris[es] under' federal law within the meaning of §1331...if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. at 689-90 (2006) (quoting Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). That is, "[t]wo types of actions may come within federal question jurisdiction: those involving a direct federal question (for example, an action premised on a federal statute or the United States Constitution), and those involving an 'embedded federal question.'" Industria Lechera De P.R. v. Beiró, 989 F.3d 116, 121 (1st Cir. 2021) (emphasis added).

"Federal jurisdiction will lie over a state law cause of action if the face of the complaint reveals a 'federal issue [that] is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in a federal court without disrupting the federal-state balance of

5

power.'" <u>Municipality of Mayagüez v. Corporación Para el Desarrollo del Oeste, Inc.</u>, 726 F.3d 8, 13 (1st Cir. 2013)( quoting <u>Gunn v. Minton</u>, 568 U.S. 251, 258-259 (2013)). Pursuant to applicable case law, a federal issue may be sufficiently substantial to invoke federal jurisdiction under two circumstances: (1) "an issue may be substantial where the outcome of the claim could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases,"[3] or (2) "a federal issue may also be substantial where the resolution of the issue has 'broader significance . . . for the Federal Government.' . . . because '[t]he Government has a direct interest in the availability of a federal forum to vindicate its own administrative action,'" <u>Id.</u>

Here, the Amended Complaint not only includes discussion of federal statutes and regulations, including Title VII of the Civil Rights Act, the EEOC, and especially the FDA and its Emergency Utilization Authorizations (EUA), as well as federal case law addressing the constitutional scope of religious objections to medical treatments and informed consent. <u>See</u> **Exhibit A** at 13-14.  Furthermore, one of the two causes of action explicitly references civil rights, further invoking Title VII as the relevant statute. Therefore, even though both causes of action of the Amended Complaint refer to State statutes, Act 100 and Act 80, they inevitably require the interpretation of the scope and/or limits of vaccination policies in light of several competing factors including, centrally, religious freedoms purportedly granted by the federal Constitution and/or other federal statutes. Moreover, since the case also involves interpretation of applicable federal regulations under the FDA, for example, as well as the federal response to a global pandemic, this

---

[3] The Court of Appeals for the First Circuit continued:
> "In other words, a case is more likely to be important to the federal system as a whole if it presents "a nearly 'pure issue of law . . . that could be settled once and for all'" rather than an issue that is "fact-bound and situation-specific" and whose holding will more likely be limited to the facts of the case. Empire Health Assurance, 547 U.S. at 700-701 (quoting R. Fallon, et al., Hart and Wechsler's The Federal Courts and the Federal System 65 (2005 Supp.)); see also Gunn, 133 S.Ct. at 1067 (noting that the federal issue in dispute was not important because its resolution was unlikely to have any impact on other patent cases)."

<u>Municipality of Mayagüez v. Corporación Para el Desarrollo del Oeste, Inc.</u>, 726 F.3d 8, 13 (1st Cir. 2013).

case definitely has a broader significance for the federal government. Accordingly, the case arises under the "Constitution, laws, or treaties of the United States". 28 U.S.C. § 1331.

Additionally, the factual basis for both claims, violation of civil rights and unjustified dismissal, are all premised on the same alleged facts. That is, all claims "'derive from a common nucleus of operative fact,' such that the plaintiff[s] would ordinarily be expected to try them in one judicial proceeding." White v. Count of Newberry So. Carolina, 985 F.2d 168, 171 (4th Cir. 1993) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Accordingly, we respectfully submit that the unjust dismissal claim, although arguably premised on the interpretation of federal statutes and regulations, will also fall under the Court's supplemental jurisdiction. Therefore, since the entire action could have been filed in federal court in the first instance, the supplemental claim under Act 80 is also removable. See 28 U.S.C. § 1367; Negrón-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 7 (1st Cir. 2008); Burns v. Conley, 526 F.Supp.2d 235, 241, n. 11 (D.R.I. 2007); Nogueras-Cartagena v. Rosello-Gonzalez, 182 F.R.D. 380, 383 (D.P.R.1998).

The above discussion shows that BMS is entitled to remove the entire cause of action filed before the Puerto Rico Court of First Instance, Arecibo Superior Part, to the United States District Court for the District of Puerto Rico, pursuant to federal question jurisdiction. See 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1331, 1441, and 1446 defendants BMS hereby give Notice of Removal to the above captioned case to this Honorable Court and request that the cause of action filed before the Puerto Rico Court of First Instance, Arecibo Superior Part, under Civil Number AR2023CV01193, proceed before this Court as an action properly removed.

Respectfully submitted.

In San Juan, Puerto Rico, this 5th day of September, 2023.

7

**WE HEREBY CERTIFY** that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be given to opposing counsel through his email of record, adiaz@diazlawpr.com.

**SCHUSTER LLC**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

*s/Lourdes C. Hernández Venegas*
Lourdes C. Hernández Venegas
USDC PR No. 215507
lhernandez@salawpr.com

*s/Daniel Limés-Rodriguez*
Daniel Limés-Rodríguez
USDC PR No. 307505
dlimes@salawpr.com

*s/Alberto Tabales-Maldonado*
Alberto Tabales-Maldonado
USDC PR No. 307404
atabales@salawpr.com